EXHIBIT

A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.,

     Plaintiff,

v.

FLINT COMMUNITY SCHOOLS AND
BILAL K.TAWWAB*, in his official
capacity as Superintendent of
Flint Community Schools,

     Defendants.

File No. 2:15-CV-12470

Hon. David M. Lawson
District Judge

Hon. Mona K. Majzoub,
Magistrate Judge

Brad Dembs (P76692)
Crystal M. Grant (P71488)
MICHIGAN PROTECTION AND
ADVOCACY SERVICE, INC.
Attorneys for Plaintiff
4095 Legacy Parkway, Suite 500
Lansing, MI  48910
517-487-1755
bdembs@mpas.org
cgrant@mpas.org

Scott L. Mandel (P33453)
Pamela C. Dausman (P64680)
FOSTER, SWIFT, COLLINS
& SMITH, P.C.
Attorneys for Defendants
313 S. Washington Square
Lansing, MI  48933
517-371-8100
smandel@fosterswift.com
pdausman@fosterswift.com

---

\* Subsequent to the filing of Plaintiff's Complaint and Motion for Preliminary Injunction, Bilal K. Tawwab succeeded Larry Watkins Jr. as Superintendent of Flint Community Schools. Mr. Tawwab has been automatically substituted as a party to this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is by and between Michigan Protection and Advocacy Service, Inc. and its past and present subsidiaries, predecessors, parent corporations, affiliates, officers, directors, shareholders, partners, agents, employees, heirs, successors and assigns, and their insurers and indemnitors ("MPAS"), Flint Community Schools and its past and present subsidiaries, predecessors, parent corporations, affiliates, officers, directors, shareholders, partners, agents, employees, heirs, successors and assigns, and their insurers and indemnitors (the "District"), and Bilal K. Tawwab, in his official capacity as Superintendent of Flint Community Schools and his predecessors and successors and their insurers and indemnitors (the "Superintendent"), and is entered into between MPAS, the District, and the Superintendent (the "Parties") as a full and complete settlement of any and all claims relating to the production of records requested before the date of this Agreement, whether known or unknown, between the Parties, as set forth below:

WHEREAS, on July 10, 2015, MPAS filed a Complaint naming the District and the Superintendent as defendants in a lawsuit in the United States District Court for the Eastern District of Michigan (the "Court"), Case No. 2:15-cv-12470, assigned to Hon. David M. Lawson, District Judge and Hon. Mona K. Majzoub, Magistrate Judge (the "Lawsuit");

WHEREAS, on July 13, 2015, MPAS filed a Motion for Preliminary Injunction in Case No. 2:15-cv-12470;

WHEREAS, on September 10, 2015, oral arguments on Plaintiff's Motion for Preliminary Injunction were heard by Hon. David M. Lawson, District Judge at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan;

WHEREAS, on November 23, 2015, the District Court entered an Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction, ordering the District and the Superintendent to respond to any records requests made during the pendency of litigation by providing access to the records requested by MPAS within three to five business days, pursuant to the Developmental Disabilities Assistance and Bill of Rights Act, 42 U.S.C. §§ 15001 *et seq.* ("DD Act"), the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 10801 *et seq.* ("PAIMI Act"), and the Protection and Advocacy of Individual Rights program, 29 U.S.C. § 794e ("PAIR Act") (collectively, the "P&A Acts");

WHEREAS, on December 22, 2015, the District and the Superintendent filed a Notice of Appeal to the United States Court of Appeals for the Sixth Circuit from the District Court's Opinion and Order Granting Plaintiff's Motion for Preliminary Injunction;

WHEREAS, on March 7, 2016, the District and the Superintendent filed a Brief on Appeal in the Sixth Circuit Court of Appeals;

WHEREAS, on April 7, 2016, MPAS filed a Brief on Appeal in the Sixth Circuit Court of Appeals;

WHEREAS, on July 27, 2016, the Parties presented Oral Argument in the Sixth Circuit Court of Appeals;

WHEREAS, MPAS, the District, and the Superintendent desire to compromise, settle, and satisfy all disputes, claims, counterclaims, cross claims, defenses, and affirmative defenses that were made or that could have been made in the Lawsuit, and any and all claims relating to the production of records requested before the date of this Agreement, whether known or unknown, between the Parties;

NOW, THEREFORE, for and in consideration of the mutual covenants and undertakings stated below in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

1.    The term of this Agreement shall be from the date it is last signed by the Parties until five (5) years from that date. This Agreement shall automatically terminate at the end of that five year period.

2.      This Court has jurisdiction over the subject matter of Plaintiff's federal law claims against Defendants and jurisdiction over the persons of the Defendants with respect to these claims.

3.      MPAS shall submit in writing all future requests for education records to Defendants via separate facsimiles and emails addressed to "Flint Community Schools, Superintendent" and "Flint Community Schools, Director of Learning Support Services" and sent to the fax numbers and email addresses listed in the District's directory and/or on the District's website for the office of the Superintendent and the Learning Support Services office, respectively. Any change to the contact information described in this term shall be communicated to MPAS contemporaneously with that change. Fax receipt forms will serve as confirmation of the date of Defendants' receipt of MPAS's requests for records. If, after sending a records request letter by fax, MPAS receives a fax confirmation sheet indicating that its communication was not received by Defendants, MPAS will then send its request to Defendants via first class mail addressed to Flint Community Schools, Superintendent, 923 E. Kearsley Street, Flint, MI 48503-1974, and shall also, at the same time, submit a copy of the request in writing via first class mail addressed to Flint Community Schools, Director of Learning Support Services, 923 E. Kearsley Street, Flint, MI 48503-1974. To the extent required by law, MPAS

must include, in all future requests for education records, a copy of a signed written consent for the release of the student's records.

4.      For the purpose of this Agreement, education records that MPAS shall be entitled to include any and all records that meet the definition of "education records" as defined by the Family Educational Rights and Privacy Act ("FERPA"), 34 C.F.R. § 99.3.

5.      Unless the MPAS request falls within the scope of applicable law requiring a shorter time frame, the District shall respond to MPAS's future requests for education records by ensuring that MPAS receives all requested records within twelve (12) business days of the Defendants' receipt of a request for education records. When applicable law requires education records to be provided in a shorter time frame, the District shall ensure that MPAS receives all requested records within that time frame. The District shall send copies of the requested records, addressed to the MPAS employee who submitted the request, and whose name and address will be included in the request letter. For the purpose of this Agreement, "business days" are defined as days that the Administrative Offices of the District are open.

6.      If the District does not possess the requested education records, and/or if the District encounters a complication, beyond its control, which makes it impossible for the District to produce the records within twelve (12) business days,

the District must still respond to MPAS's request, in writing, within twelve (12) business days. This response shall explain which requested records are not in the District's possession and/or describe the complication that necessitates additional time to respond to MPAS's request. Acceptable complications that the District may cite when requesting additional time to respond to MPAS's future records requests shall include the following: Cases where the records are not accessible due to technical difficulties or the absence of the individual maintaining records, or some other circumstance beyond the District's control, such as the request being made during particularly high traffic times, like the first week of the school year enrollment or during student count days. In such cases, an extension will be granted in the amount of five (5) business days, except an extension will not be granted when applicable law requires education records to be provided in a shorter time frame.

7.    The District agrees to pay MPAS a sum of $75,000 for attorneys' fees and costs incurred in prosecuting the current action related to MPAS's claims against the District and the Superintendent. MPAS agrees that a sum of $75,000 is reasonable for attorneys' fees and costs in this case. As a condition of receiving reimbursement under this paragraph, MPAS shall submit in writing three (3) copies of an invoice to the District via first class mail addressed to "Flint Community Schools, Superintendent, 923 E. Kearsley Street, Flint, MI 48503-

1974"; "Flint Community Schools, Director of Learning Support Services, 923 E. Kearsley Street, Flint, MI 48503-1974"; and "Scott L. Mandel, 313 S. Washington Square, Lansing, MI 48933." This invoice shall detail the date services were delivered, the nature of the services, the number of hours spent, and the amount owed. The District will ensure that MPAS receives payment in full within sixty (60) calendar days of receipt of such an invoice.

8.      MPAS releases and forever discharges the District of and from any and all claims, liabilities, demands, damages, lawsuits, actions, costs, expenses, rights, and causes of action, of whatsoever kind or nature, known or unknown, past or present, as a result of or arising out of any acts, omissions, and/or incidents of the District giving rise to the Lawsuit.

9.      MPAS releases and forever discharges the Superintendent of and from any and all claims, liabilities, demands, damages, lawsuits, actions, costs, expenses, rights, and causes of action, of whatsoever kind or nature, known or unknown, past or present, as a result of or arising out of any acts, omissions, and/or incidents of the Superintendent giving rise to the Lawsuit.

10.     The terms of this Agreement constitute sufficient consideration for the releases and covenants made by the Parties in this Agreement.

11.     The Parties acknowledge that they have entered into this Agreement freely and voluntarily and that they have not been subjected to duress or coercion

with regard to this Agreement. The Parties have executed this Agreement voluntarily with full acknowledge of its significance and consequences thereof.

12. This Agreement represents the entire agreement between MPAS, the District, and the Superintendent and cannot be modified or amended except in writing signed by all of the Parties. No Party has relied or can rely on any representation not contained in this Agreement as an inducement to enter this Agreement. All Parties acknowledge that, in making this Agreement, they have relied entirely on their own judgment and that of their own counsel.

13. This Agreement shall be binding upon and inure to the benefit of the respective successors and assigns of the Parties hereto.

14. All of the recitals and other provisions set forth above in this Agreement are expressly incorporated herein.

15. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. The Agreement will not take effect until each party has signed a counterpart. Facsimile signatures shall have the same force and effect as originals.

16. Each of the undersigned individuals signing this Agreement as a Party, or as an authorized agent of a Party, represents and warrants that he or she is fully authorized to execute this Agreement on behalf of his or her representative principal and to bind such principal to the terms contained herein.

17. MPAS agrees that it will notify the District and the Superintendent in writing of any alleged noncompliance with this Agreement before filing any legal action relating to this Agreement. MPAS shall submit such notification in writing to the District via email addressed to Flint Community Schools, Superintendent and Director of Learning Support Services at the email addresses provided by the District and shall also, at the same time, place a telephone call to the Director of Learning Support Services at the phone number provided by the District. Any change to the contact information described in this term shall be communicated to MPAS contemporaneously with that change. Defendants shall have five (5) business days of receipt of MPAS's notification to resolve any issues raised therein and MPAS shall not file any legal action relating to this Agreement during that time period.

18. Should the Parties fail to resolve the problems identified by MPAS, or should there be a dispute as to any item contemplated by this Agreement or the failure of Defendants to comply with the provisions of this Agreement, after taking the steps described in paragraph 17 above, MPAS or Defendants may file a motion with the Court seeking a judicial determination. If MPAS is required to obtain a judicial determination in order to obtain compliance with this Agreement, the Court may order, in addition to any appropriate injunctive relief, the District to pay

MPAS reasonable attorneys' fees and costs incurred in pursuing a judicial determination.

19.     The Court shall retain jurisdiction of this case for the purpose of interpreting and enforcing the terms of this Agreement for five (5) years from the date of this Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused the Settlement Agreement to be executed.

[SIGNATURES ON THE FOLLOWING PAGE]

FOR PLAINTIFF

Dated: November 4, 2016      By:

                                 Mark McWilliams (P56960)
                                 for Elmer Cerano, Executive Director
                                 MICHIGAN PROTECTION AND
                                 ADVOCACY SERVICE, INC.
                                 4095 Legacy Parkway, Suite 500
                                 Lansing, MI  48910
                                 (517) 487-1755

FOR DEFENDANTS

Dated: November 7, 2016      By:

                                 Bilal K. Tawwab, Superintendent
                                 Flint Community Schools
                                 923 E. Kearsley Street
                                 Flint, MI  48503-1974